## IN THE COURT OF APPEALS OF IOWA

No. 19-0071
Filed March 4, 2020

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JENNA LEA DEBROWER,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Poweshiek County, Rose Anne Mefford, District Associate Judge.

Jenna Lea DeBrower appeals her convictions for possession of alprazolam, possession of methamphetamine, operating while intoxicated, and possession of prescription drugs without a prescription. **AFFIRMED.**

Fred Stiefel, Victor, for appellant.

Thomas J. Miller, Attorney General, and Kyle Hanson, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., Greer, J., and Carr, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**CARR, Senior Judge.**

On appeal from her convictions for possession of alprazolam, possession of methamphetamine, operating while intoxicated, and possession of prescription drugs without a prescription, Jenna Lea DeBrower challenges the denial of her motions to suppress evidence she claims the State obtained in violation of her constitutional rights.

DeBrower's convictions stem from events at a Grinnell gas station, where her odd behavior while trying to pump gas caught the attention of another customer and the gas station clerk. DeBrower then slumped over unconscious in her vehicle for a time. When she regained consciousness, she slurred her speech, had trouble keeping her eyes open, and swayed while walking. Concerned that DeBrower was under the influence of alcohol or drugs, the customer called 911. The officers who responded found DeBrower groggy, lethargic, confused, and unable to answer questions with clarity. When asked if she would share the contents of a Crown Royal bag that was visible in her vehicle, DeBrower held the bag upside down in a manner that suggested she was trying to conceal some of its contents. But when a towel with burn marks consistent with drug use fell out of the bag, the officers suspected the bag contained contraband. DeBrower admitted she had a drug pipe, and they arrested her for possession of drug paraphernalia. A search led to the discovery of two rocks of methamphetamine inside the Crown Royal bag, as well as twelve alprazolam pills and three hydromorphone pills inside her vehicle.

DeBrower filed two motions to suppress evidence, which the trial court denied. On appeal, she claims the court erred in denying her motions to suppress because (1) the inventory search of her vehicle was improper; (2) the police seized

her without probable cause to believe a crime had been committed; and (3) she did not voluntarily admit possession of a drug pipe. We review rulings on motions to suppress de novo. *See State v. Fogg*, 936 N.W.2d 664, 667 (Iowa 2019). In doing so, we review the entire record and make an independent evaluation based on the unique circumstances of the case. *See id.*

We reject DeBrower's claim that the search of her vehicle was an improper search under *State v. Ingram*, 914 N.W.2d 794 (Iowa 2018). The supreme court in *Ingram* determined that law enforcement violated the defendant's constitutional rights by searching a closed cloth bag without a warrant. 914 N.W.2d at 820. But *Ingram* involved warrantless *inventory* searches. *Id.* The search of DeBrower's vehicle was not part of a vehicle inventory but was based on the officer's reasonable belief that the vehicle contained contraband. Because the search fell under the automobile exception to the warrant requirement, the trial court properly denied DeBrower's motion to suppress. *See State v. Storm*, 898 N.W.2d 140, 145 (Iowa 2017) (noting the "'specifically established and well-delineated' exception to the warrant requirement for searches of automobiles and their contents" when there is probable cause to believe the vehicle contains contraband (citation omitted)).

We find no merit in DeBrower's contention that the officers lacked probable cause to believe she had committed a crime. "The standard for probable cause is whether a person of reasonable prudence would believe a crime has been committed or that evidence of a crime might be located in the particular area to be searched." *State v. Naujoks*, 637 N.W.2d 101, 108 (Iowa 2001). DeBrower claims the evidence showed she was dehydrated rather than under the influence of a

controlled substance. We disagree. DeBrower told the officers she had nothing to eat or drink while working in a shed during the heat of the day, and as a result, they called an ambulance to check DeBrower for dehydration. But although the ambulance crew informed the officers that her symptoms fit with dehydration, they did not opine that DeBrower suffered from dehydration, nor did they treat her for dehydration. DeBrower's symptoms tracked both those of a dehydrated person and someone under the influence of a controlled substance. Both the store clerk— who had EMT training—and the customer believed DeBrower was under the influence, and the officers observed behavior consistent with drug use. Coupled with the towel with burn marks, DeBrower's evasive actions, and her admission that she had a drug pipe, there was probable cause to support the arrest and search.

Finally, DeBrower contends that her statement about the drug pipe was involuntary because the officers did not first inform her of her rights under *Miranda v. Arizona*, 834 U.S. 436, 479 (1966). But a person must be in custody before *Miranda* warnings apply. *See State v. Tyler*, 867 N.W.2d 136, 171 (Iowa 2015). A person is in custody once law enforcement limits that person's "freedom of action" to a "degree associated with formal arrest." *Id.* In determining custody, we consider the factors enumerated in *State v. Countryman*, 572 N.W.2d 553, 558 (Iowa 1997), which include "(1) the language used to summon the individual; (2) the purpose, place, and manner of interrogation; (3) the extent to which the defendant is confronted with evidence of her guilt; and (4) whether the defendant is free to leave the place of questioning." These factors preponderate against a

finding DeBrower was in custody. The officers did not have to give DeBrower *Miranda* warnings.

We affirm DeBrower's convictions.

**AFFIRMED.**